**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FELICIA SUTTON,

    Plaintiff,

v.                                             Case No. 12-11043

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                           /

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTION;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
(4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND
(5) REMANDING THE CASE TO THE COMMISSIONER**

Plaintiff Felicia Sutton appeals from Defendant Commissioner of Social Security's denial of disability insurance and supplemental security income benefits. The Magistrate Judge issued a Report and Recommendation ("R&R") advising the court to grant Plaintiff's motion for summary judgment and remand the case to the Commissioner. Defendant timely filed an objection to the R&R to which Plaintiff responded. After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the R&R, the court will overrule Defendant's objection, adopt the R&R, and remand the case to the Commissioner.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection # 1

At step two, the ALJ must determine whether the claimant has a medical impairment that is "severe." (Tr. 15.) A medical impairment is severe if it significantly limits a claimant's ability to perform basic work activities. (*Id.*) Defendant objects to the

Magistrate Judge's finding that the ALJ failed to fully develop the record at step two. The Magistrate Judge found that the ALJ should have obtained x-rays of Plaintiff's back and hands after Plaintiff alleged that she had arthritis in those areas.

The ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000). The ALJ is obligated "to fully develop the record," *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 397 (6th Cir. 2010), and bears "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing," *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). An ALJ is required to "develop [a claimant's] complete medical history" and to "make every reasonable effort to help [the claimant] get medical reports from [the claimant's] medical sources." 20 C.F.R. § 404.1512(d).

Plaintiff was unrepresented by counsel at the hearing. "When a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is developed." *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986) (citing *Lashley*, 708 F.2d at 1051); *see also Osburn v. Apfel*, No. 98-1784, 182 F.3d 918, at *7 (6th Cir. July 9, 1999) (table) ("[T]he administrative law judge is under a special duty to develop the record when the claimant appears without counsel.") (citing *Lashley*, 708 F.2d at 1051-52). In order to fulfill this duty, an ALJ "must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" and "be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley*, 708 F.2d at 1052 (citations and quotation marks omitted). Courts determine

4

whether this duty is satisfied on a case-by-case basis. *Osburn*, 182 F.3d 918, at *7. Failure to obtain "all available medical records and documentation" is evidence that the ALJ did not fully develop the factual record. *Vaca v. Comm'r of Soc. Sec.*, No. 1:08-cv-653, 2010 WL 821656, at *6 (W.D. Mich. Mar. 4, 2010). "'An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.'" *Figard v. Comm'r of Soc. Sec.*, No. 1:09-cv-425, 2010 WL 3891211, at *7 (W.D. Mich. July 1, 2010) (quoting *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)).

Plaintiff testified that, two weeks before the hearing, x-rays were taken showing that she had arthritis in her back and hands. (Tr. 38.) The hearing was held on May 10, 2011, and Plaintiff provided the x-ray order which was dated April 20, 2011. (Tr. 487.) The ALJ acknowledged in his report that the x-rays were ordered and completed but he did not obtain and review the x-rays. (Tr 17.) At step two, the ALJ concluded that Plaintiff's arthritis did not constitute a "severe" impairment. (*Id.*)

A claimant's burden of proof at step two "has been construed as a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* Given this low threshold, the ALJ could decide that Plaintiff's arthritis is severe if he reviewed the x-rays. Even if the ALJ erred in failing to find that Plaintiff's arthritis was severe, "the error is harmless as long as the ALJ found at least one severe impairment and continued the sequential analysis and ultimately addressed all of the claimant's impairments in determining her residual functional capacity." *Swartz v.*

*Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). The ALJ found that Plaintiff had three severe impairments and continued with the five-step evaluation. However, it is not clear from the ALJ's report that he analyzed Plaintiff's arthritis when determining her residual functional capacity. The ALJ referred to Plaintiff's "established physical impairments" and "allegations of musculoskeletal system pain," (Tr. 21), but never explicitly discussed Plaintiff's arthritis. Furthermore, even if the ALJ did address Plaintiff's arthritis when determining her residual functional capacity, the analysis of the arthritis would be deficient because the ALJ did not consider the x-rays of Plaintiff's back and hands.

Plaintiff was unrepresented by counsel, and the ALJ had a special duty to fully develop the factual record. The ALJ failed to satisfy that duty. Consequently, the ALJ's analysis of the severity of Plaintiff's arthritis and of Plaintiff's residual functional capacity was incomplete. The court will remand the case to the ALJ to review the x-rays and conduct a proper analysis.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's objection [Dkt. # 14] is OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 13] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [Dkt. # 8] is GRANTED and Defendant's motion for summary judgment [Dkt. # 11] is DENIED.

Finally, IT IS ORDERED that the case is REMANDED to the Commissioner. The ALJ must obtain the x-rays ordered on April 20, 2011, of Plaintiff's back and hands and conduct a disability determination that addresses those x-rays.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522